IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

STEVEN MOXLEY, ID # 1266577, )
       Plaintiff, )
vs. )     No. 3:05-CV-0038-B
 )
DR. JOHNSON, et al., )
       Defendants. )

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementa-

tion thereof, subject cause has previously been referred to the United States Magistrate Judge. The

findings, conclusions, and recommendation of the Magistrate Judge are as follows:

I. BACKGROUND

Plaintiff is an inmate in the Texas prison system. On January 3, 2005, the Court received

the instant civil action from plaintiff. On February 14, 2005, the Court received a motion to proceed

*in forma pauperis*. The Court found that the motion to proceed *in forma pauperis* should be denied

based on the three-strikes provision of 28 U.S.C. § 1915(g). (*See* Order of Feb. 28, 2005, at 1-2.)

However, the Court deemed it  appropriate to grant plaintiff thirty days to pay the full filing fee of

$150.00 to the Clerk of the Court before recommending that *in forma pauperis* be denied. (*Id.*) The

Court also admonished plaintiff that failure to pay the filing fee within the time allotted would result

in a recommendation that *in forma pauperis* be denied and that this action be dismissed without

prejudice for failure to comply with a court order under Fed. R. Civ. P. 41(b). (*Id.*)

On March 4, 2005, the Court received a document that it construes as a response to the

Order of February 28, 2005. He therein states that the Court should allow him to proceed *in forma*

*pauperis* despite the three-strikes provision because he was attacked on or about February 7, 2005, and because "self-destructive behavior and urges are setting in."

## II.  THREE STRIKES

Because plaintiff is a prisoner, this action is subject to review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915.  One of the major changes promulgated by the PLRA is the "three-strikes" provision set forth in § 1915(g).  That provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In short, inmates may not proceed without the prepayment of fees, if they have previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless they are in imminent danger of serious physical injury.

A review of relevant court records indicates that plaintiff's current filing falls under the PLRA "three-strikes" provision.  In May 2004, a District Judge in the Fort Worth Division dismissed an action pursuant to § 1915(g).  *See Moxley v. Beech*, No. 4:04-0290-A (N.D. Tex.) (Order and Final Judgment dated May 10, 2004).  The court found three prior strikes against plaintiff.  In his response to the Order of February 28, 2005, plaintiff does not contest that he has had at least three federal civil actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  Due to these three "strikes" plaintiff may not proceed with

2

his current action without the prepayment of fees under 28 U.S.C. § 1915(g) unless it appears that he is subject to imminent danger of serious physical injury.

Plaintiff asserts that he is in imminent danger of serious physical injury because he was attacked on or about February 7, 2005, and because he may hurt himself. Neither of these reasons suffice to overcome the three-strikes provision. The February attack came after petitioner filed the instant action in January. With respect to the timing of the imminent danger of serious physical injury for purposes of § 1915(g), the Fifth Circuit Court of Appeals has specifically held:

> The plain language of the statute [] leads us to conclude that a prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger *at the time that he seeks to file* his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP.

*Banos v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998) (emphasis added); *accord Choyce v. Dominguez*, 160 F.3d 1068, 1070 (5th Cir. 1998) (following *Banos*). Under *Banos*, the February attack provides no basis for finding plaintiff in imminent danger for purposes of proceeding with this action.

In addition, this Court has previously rejected any claim or suggestion that a plaintiff may place himself in danger of imminent harm by hurting or threatening to hurt himself. *See Wallace v. Cockrell*, No. 3:02-CV-1807-M, 2003 WL 21418639, at *3 (N.D. Tex. Mar. 10, 2003) (supplemental findings, conclusions, and recommendation), *accepted by* 2003 WL 21447831 (N.D. Tex. Mar. 27, 2003). As found in *Wallace*,

> [B]outs with self-inflicted injuries do not suffice. A prisoner cannot create the imminent danger so as to escape the three strikes provision of the PLRA. To hold otherwise would eviscerate the rule. Every prisoner would then avoid the three strikes provision by threatening suicide. One cannot self-inflict serious physical injury so as to avoid the three strikes provision, sanction orders, or manipulate the judicial system.

3

*Id.* That plaintiff may experience self-destructive urges does not suffice to overcome the three-strikes provision of the PLRA. Furthermore, from plaintiff's response, it appears that the urges began "setting in" after the filing of this action.

Plaintiff makes no specific allegation of imminent danger at the time he commenced this action in early January 2005. That he may have been attacked in February 2005 does not satisfy the imminent-danger requirement of § 1915(g). That he may have self-destructive urges or behavior also does not satisfy that requirement. Consequently, plaintiff must prepay the requisite filing fee before this case can proceed.

## III. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff has failed to comply with the Order of February 28, 2005, that he pay the filing fee within thirty days. Accordingly, the Court should dismiss his complaint without prejudice for failure to follow an order of the Court.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the Court deny plaintiff's motion to proceed *in forma pauperis* and dismiss his complaint without prejudice for failure to comply with an order of the Court pursuant to Fed. R. Civ. P. 41(b).

4

**SIGNED this 6th day of May, 2005.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE